NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRAIG YATES,

    Plaintiff-Appellant, .
    Cross-Appellee

  v.

SWEET POTATO ENTERPRISE, INC., a
California Corporation d/b/a Popeyes Store
#2794, KUAN NG, Trustee of the Kuan L.
Ng and Helen L. Ng Revocable Trust of
1993; HELEN NG, Trustee of the Kuan L.
Ng and Helen L. Ng Revocable Trust of
1993,

    Defendants-Appellees,
    Cross-Appellants

No. 15-15083
    15-15134

D.C. No. 3:11-cv-01950-LB

MEMORANDUM[*]

Appeals from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and BOULWARE,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard F. Boulware, United States District Judge for the
District of Nevada, sitting by designation.

Craig Yates sued the owners and operators of a Popeyes Chicken store in San Francisco, alleging the presence of unlawful architectural barriers in violation of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("CDPA"). He sought injunctive relief under the ADA and the CDPA, arguing that the entrance door to the store was inaccessible and that remediation is readily achievable by installation of a power door. He also sought statutory damages on his state claims for each of thirteen visits to the store between March 8, 2011, and August 21, 2013.

The district court found that installation of the power door was readily achievable, but denied injunctive relief mandating installation of the door on the ground that a sign and employee assistance fixed the problem and mooted the claim. The district court found that Yates was entitled to damages for the ADA violation as incorporated by the California acts, but that California law barred recovery for all but the first visit, and entered judgment in favor of Yates for $4,000. We affirm in part and reverse in part.

1. Under the ADA, "[d]iscrimination includes . . . a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9). The district court properly held that the

installation of the power door was readily achievable as of October 2014, the date of the bench trial. Indeed, the type of proposed installation in this case—"[i]nstalling accessible door hardware"—is one of the examples provided in the federal regulations as to the type of remedial step which might be "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a), (b)(11). The district court appropriately "credit[ed] and accept[ed] [Sweet Potato's] representation that [it] will install the power door shortly." That representation makes clear that the district court considered the factors under Section 12181(9) and found that Appellees had the capacity and financial wherewithal to install the power door, for a maximum of $5,850, with readily obtainable financing in October 2014.

2. The district court did err, however, in its finding that remediation of the barrier was readily achievable during Yates' earlier visits. The readily achievable analysis is necessarily time sensitive because of its consideration of cost and practicality. The district court did not make sufficient factual findings to support its determination that the remediation of the barrier was readily achievable between March 8, 2011 and August 21, 2013. The district court did not make any findings about the financial condition of Appellees during this time. The district court also did not reference any affirmative statements from the Appellees about their

3

intentions to remediate, to support a finding that such remediation was readily achievable at the time of any of the visits by Yates.

3. As the district court's only basis for the award of damages under the California Acts is the sole violation of the ADA found by the district court—the failure to remove a barrier where such removal was "readily achievable" in October 2014—the district court erred in its imposition of damages. The district court made no explicit findings that removal of the barrier was readily achievable at the time of Mr. Yates' first visit in March 2011—the visit upon which the damages award was based—or at the time of any subsequent visit. We therefore vacate the award of damages, and remand for reconsideration of statutory damages.

4. Having found that installation of the power door was readily achievable in October 2014, the district court erred in denying an injunction on the ground that the mechanism for employee assistance was a sufficient solution that remedied the problem. "[A] facility may only substitute alternatives to barrier removal where 'as a result of compliance with the alterations requirements specified in paragraph (d)(1) of this section, the measures required to remove a barrier would not be readily achievable.'" *Molski v. Foley Estates Vineyard & Winery, LLC*, 531 F.3d 1043, 1050 (9th Cir. 2008) (quoting 28 C.F.R. § 36.304(d)(2)). Having found that the remediation of the barrier was readily achievable in October 2014 through the installation of the power door, the district court was required to issue an injunction

4

for the removal of the barrier and the installation of the power door. *See id.* On remand, the district court shall determine the appropriate nature of the injunction to be imposed and whether the imposition of an injunction to install the power door has now been mooted by the adequate and appropriate installation of the power door.

5. The issue of attorney fees was not considered or ruled on by the district court, and we decline to consider it for the first time here.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**